J-A04045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

IN RE: DURANT J. JOHNSON        :    IN THE SUPERIOR COURT OF
                                   :        PENNSYLVANIA
                                   :

APPEAL OF: DURANT J. JOHNSON   :
                                   :
                                   :
                                   :
                                   :
                                   :
                                   :    No. 139 MDA 2025

Appeal from the PCRA Order Entered January 2, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-MD-0000032-1993

IN RE: DURANT J JOHNSON         :    IN THE SUPERIOR COURT OF
                                   :        PENNSYLVANIA
                                   :
                                   :
                                   :
                                   :
                                   :
                                   :
                                   :    No. 140 MDA 2025

Appeal from the PCRA Order Entered December 5, 2024
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-MD-2300644-1992

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:        **FILED: FEBRUARY 18, 2026**

Durant J. Johnson ("Johnson") appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Johnson's counsel, William M. Shreve, Esquire ("Attorney Shreve") has filed an application to withdraw as counsel as well as

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

a brief styled pursuant to **Anders v. California**, 386 U.S. 738 (1967).[2]  We grant Attorney Shreve's application to withdraw and affirm the order dismissing Johnson's petition.

This Court previously summarized the factual and procedural history underlying this matter as follows:

> On June 3, 1994, [at case No. 644-1992, Johnson] pled guilty to two counts of possession of cocaine.  He was sentenced on November 9, 1994, to a total of three (3) months' incarceration and twelve (12) months' probation to be served after the expiration of his sentence at case No. 32-1993.  At case No. 32-1993, [Johnson] was charged with one count of possession with intent to deliver a controlled substance and one count of possession of a controlled substance on January 8, 1993.  On June 3, 1994, [Johnson] pled guilty to one count of possession with intent to deliver.  On November 9, 1994, [at case No. 32-1993, Johnson] was sentenced to sixty (60) months' probation and twelve (12) months' incarceration with credit for fifteen (15) days of time served.  No direct appeal was filed at either case.
>
> [Johnson] filed a *pro se* PCRA petition as to both cases on November 7, 2000.  In his petition, he asserted that the charges at case No. 644-1992 should be dismissed due to an alleged lack of tangible evidence presented at the preliminary hearing.  He further requested a new trial at case No. 32-1993 because of his contention that the search warrant was invalid as issued based upon hearsay statements.  [Johnson] averred his eligibility for relief based upon the alleged introduction of illegally obtained evidence, ineffectiveness of counsel "after trial," and obstruction of [his] appeal rights by state officials.  . . .  A hearing was held

---

[2] Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 550 A.2d 213 (Pa. Super. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, "**Turner**/**Finley**").  Although **Anders** and **Turner**/**Finley** are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw, there are also significant differences, as explained **infra**.  **See Commonwealth v. Wrecks**, 931 A.2d 717, 721-22 (Pa. Super. 2007).

on the matter on March 23, 2001. The PCRA court issued an opinion and order on April 12, 2001, dismissing [Johnson's] petition on the grounds that it was untimely filed and none of the limited exceptions applied, and because the court determined that at the time of the hearing [Johnson] was no longer serving his sentence.

*Commonwealth v. Johnson*, 887 MDA 2001 (Pa. Super. 2002) (unpublished memorandum at 1-3) (footnotes and unnecessary capitalization omitted).

Notably, in affirming the dismissal of Johnson's first PCRA petition, this Court specifically concluded that:

> [Johnson's] claims were rendered moot by the fact that at the time of the PCRA hearing, [he] was no longer serving a sentence on these cases. In fact, at the PCRA [h]earing, [Johnson] admitted he was finished serving his probation on these cases. [*See*] N.T. Hearing, 3/23/01, at 18. . . . Hence, as [Johnson] was no longer serving his sentence at the time of the PCRA [h]earing, [he] is not entitled to relief under the PCRA . . ..

*Id*. (unpublished memorandum at 11)

On October 4, 2024, Johnson filed the instant PCRA petition, his second. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In an opinion attached to the Rule 907 notice, the PCRA court explained that Johnson was ineligible for PCRA relief because he was no longer serving the sentences imposed at the above dockets:

> [Johnson] was sentenced to [an aggregate] term of 6 years' probation, and 15 months incarceration in 1994. [His] sentence[s] would have been completed around 2000-2001. Upon review of the record, at a PCRA hearing on March 23, 2001, [Johnson] stated that he was finished serving probation in the instant cases. Thus, [his] claims are moot, because [he] completed his sentence[s] in the instant cases.

- 3 -

PCRA Court Opinion, 12/5/24, at 4. The PCRA court further concluded that, even if not moot, Johnson's petition was untimely, he failed to plead or prove that any timeliness exception applied to his petition, and the issues he sought to raise were previously litigated or waived. *See id*. at 3-5. Consequently, on January 2, 2025, the PCRA entered an order dismissing the petition. Johnson filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925. During the pendency of this appeal, Johnson retained Attorney Shreve, who entered his appearance in this matter. However, in lieu of filing an appellant's brief, Attorney Shreve filed a brief styled pursuant to *Anders* and an application to withdraw from representation.

At the outset of our review, we note that this case does not implicate *Anders*. As explained above, *Anders* applies to direct appeals, whereas *Turner*/*Finley* applies to PCRA cases. This Court has explained the differences between the requirements imposed by *Anders* and *Turner*/*Finley* as follows:

> *Anders* counsel is not permitted to withdraw unless the appeal is wholly frivolous, but *Turner*/*Finley* counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, *Anders* counsel must not argue against the client's interests while *Turner*/*Finley* counsel must do so, articulating why the client's claims have no merit.
>
> The heightened protection afforded to *Anders* appellants as compared to *Turner*/*Finley* petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones. By comparison, a first-time

- 4 -

PCRA petitioner's right to counsel is born of rule, namely Pa.R.Crim.P. 904(C), and that right does not spring from the federal or state constitutions.

**Wrecks**, 931 A.2d at 722 (citations omitted). "Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1. (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of:

(1)   A "no-merit" letter by PC[R]A counsel detailing the nature and extent of [counsel's] review;

(2)   The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

(3)   The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

(4)   The PC[R]A court conducting its own independent review of the record; and

(5)   The PC[R]A court agreeing with counsel that the petition was meritless.

**Id**. (citation and brackets omitted). Further, counsel must also send a copy of the "no-merit" letter to the petitioner, along with a copy of the petition to withdraw and inform the petitioner of the right to proceed *pro se* or to retain new counsel. **See Wrecks**, 931 A.2d at 721. Substantial compliance with

the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003). If the brief meets these requirements, we then conduct an independent review of the petitioner's issue(s). *See Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa. Super. 2016).

Preliminarily, our review discloses that Attorney Shreve has substantially complied with the above requirements. In his petition to withdraw, Attorney Shreve detailed the nature and extent of his review of Johnson's case, listed the issues that Johnson wished to have reviewed, and explained counsel's reasoning for concluding that the issues were meritless. Additionally, Attorney Shreve provided Johnson with a letter notifying him of his intention to seek permission to withdraw from representation as well as a copy of the *Anders* brief, and advised Johnson of his rights in lieu of Attorney Shreve's representation.[3] Thus, we conclude that Attorney Shreve has substantially complied with the requirements necessary to withdraw as counsel. *See Karanicolas*, 836 A.2d at 947.

In his *Anders* brief, Attorney Shreve framed the issue for our review as follows: "Should appellate counsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?" *Anders* Brief,

_____

[3] Attorney Shreve initially failed to attach a copy of the letter advising Johnson of his rights to counsel's application to withdraw. However, upon directive from this Court, Attorney Shreve filed a copy of the letter in this Court.

8/26/25, at 9. Attorney Shreve concluded that the issues Johnson seeks to raise in this appeal are meritless because: (1) his petition is untimely without meeting any exception to the PCRA's timeliness exceptions, (2) the issues he seeks to raise were previously litigated; and (3) he is ineligible for PCRA relief because he finished serving his sentences in these cases. ***See id***. at 20-28.

Our standard of review of an order denying a PCRA petition is well-settled:

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

As related to the instant case, one of the requirements for PCRA relief is that the petitioner must still be serving the sentence for the conviction in question. Specifically, the PCRA provides as follows:

> **(a) General rule**.—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

- 7 -

(i) ***currently serving a sentence of imprisonment, probation or parole for the crime***[.]

42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). A petitioner becomes ineligible for PCRA relief once he is no longer serving his sentence, regardless of whether he was serving it when the petition was filed, or he was in the midst of appealing a PCRA court order. ***See Commonwealth v. Plunkett***, 151 A.3d 1108, 1112-13 (Pa. Super. 2016). Thus, if Johnson is no longer serving his sentence, he is ineligible for relief from this Court. ***See id.***

Our review of the record supports the PCRA court's dismissal of Johnson's petition based on its determination that Johnson is ineligible for PCRA relief. As explained above, on November 9, 1994, the trial court sentenced Johnson at both dockets to an aggregate sentence of fifteen months in prison followed by six years of probation. As both this Court and the PCRA court noted, Johnson conceded that he was finished serving his sentences in these cases at a PCRA hearing on March 23, 2001. ***See Johnson***, 887 MDA 2001 (Pa. Super. 2002) (unpublished memorandum at 11); ***see also*** PCRA Court Opinion, 12/5/24, at 4; N.T. PCRA Hearing, 3/23/01, at 18. Consequently, because the record reflects that Johnson is no longer serving the sentences associated with the instant petition, the record supports the PCRA court's dismissal of the petition on the basis that Johnson is ineligible for PCRA relief. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i); ***see also Plunkett***, 151 A.3d at 1112-13.

Additionally, because Johnson is ineligible for any relief contemplated by the PCRA, we agree with Attorney Shreve that the issues Johnson seeks to raise on appeal from the dismissal of his second PCRA petition are meritless.[4]

Accordingly, we grant counsel's application to withdraw and affirm the order dismissing Johnson's second petition.

Application to withdraw granted, order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2026

---

[4] As noted above, this Court may affirm a PCRA court's decision on any grounds if the record supports it. **See Ford**, 44 A.3d at 1194. Thus, as we conclude that the record supports the PCRA court's dismissal of Johnson's petition because he is ineligible for any relief contemplated by the PCRA, we need not address the other grounds for dismissal advanced by the PCRA court.